Law Office of J. Gregory Lockwood, PLLC     Honorable Thomas O. Rice
421 W. Riverside, Ste. 960
Spokane WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491
jgregorylockwood@hotmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>vs.<br><br>DAVID LEE FULLMER,<br><br>                    Defendant. | NO. 23-CR-0102-TOR-2<br><br>DEFENDANT FULLMER'S<br>SENTENCING MEMORANDUM<br><br><br><br>Sentencing:<br>March 6, 2024 @ 9:30 a.m. |

      The Defendant, MR. David Fullmer by and through his CJA appointed attorney, J. Gregory Lockwood, hereby submits the following sentencing memorandum and request for a downward variance.

**INTRODUCTION**

      "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 1

Gall v. United States, 128 S. Ct. 586, 598 (2007), quoting Koon v. United States, 518 U.S. 81, 113 (1996).

## I. Status of the Case

Mr. Fullmer was born on September 26, 1962 and is 61 years old. Mr. Fullmer is a lifelong resident of Spokane Washington except for the time he served in the United States Army as a demolition and explosive expert.

Mr. Fullmer had no criminal history until December 2020 when he was charged with theft; as a result of the need to fund a drug addiction from self-medication for injuries suffer while serving in the Army.

Mr. Fullmer's second and only other criminal charge is this instant case for conspiracy to Distribute Fentanyl 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Mr. Fullmer as a co-defendant was involved as a courier involved in picking up the controlled substance out of state and delivering it to Spokane, Washington.

## II. Presentence Investigation Report

The defendant, Mr. Fullmer has no objections to the Presenting Report filed by United States Probation.

## III. Sentencing Factors under 18 U.S.C. § 3553(a)

*United States v. Booker*, 543 U.S. 220, 226 (2005), held that the mandatory application of the United States Sentencing Guidelines is a violation

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 2

of the Sixth Amendment. Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4), but it permits the Court to tailor the sentence in light of other statutory concerns as well, see § 3553(a). Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

In imposing a sentence, the court must consider the following factors pursuant to 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the advisory guideline range;
> (5)  any pertinent policy statements issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentencing disparities;
> (7)  the need to provide restitution.

The statute suggests a sequential examination of the factors to be considered in arriving at the proper sentence. The court should initially consider

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 3

the nature and circumstances of the offense and the defendant, followed by the availability of particular sentences, either the imposition of incarceration or the imposition of a term of probation, and the advisory guideline range.

In the instant offense Mr. Fullmer and the United States had entered into a plea agreement based upon a full application and consideration of the sentencing factors and agree that the government will recommend a sentence at the low end of the guideline range and Mr. Fullmrr may argue for any legal sentence including an additional downward variance.

Mr. Fullmer is requesting a valance based on several factors including his age and medical issues related to injuries suffered while serving in the United States Army.

1. **The nature and circumstances of the offense and history and characteristics of the defendant.**

It is incontrovertible that prison carries a greater significance and impact for those individuals imprisoned for the first time. In *United States v. Baker*, 445 F.3d 987, 990, 992   (7th Cir. 2006) the court affirmed a non-guideline sentence that was justified, in   part, by the fact that prison would "have a greater impact" on someone with no "previous experience being incarcerated".  This reasoning was also occurred in   *United  States  v.  Qualls*, 373 F. Supp. 2d 873, 877 (E.D.

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 4

Wis. 2005) which held

> "Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."

Mr. Fullmer has never before experienced the harsh reality of incarceration which is sure to make an impression he would not desire to repeat considering his age.

An additional factor is Mr. Fullmer s criminal activities are related to funding a drug addiction to fentanyl, used for self-medication of head and neck pain. This does not excuse his behavior, but it provides a lens through which this Court is entitled to evaluate the nature and circumstances of the offense" and Mr. Fullmer's history and characteristics. In *United States v. Garcia*, 497 F.3d 964, 972 (9th Cir. 2007) the court held;

> "District courts are not prohibited . . . from considering a defendant's drug addiction in choosing a reasonable sentence."

Here Mr. Fullmer's self-medicating drug addiction was the catalyst for his criminal activity, supporting a downward variance. In *United States v. Garcia*, 497 F.3d 964 (9th Cir. 2007) the court held that "district courts are not prohibited in all circumstances from considering a defendant's drug addiction in choosing a reasonable sentence".

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 5

Case 2:23-cr-00102-TOR    ECF No. 44    filed 02/15/24    PageID.136    Page 6 of 16

Here Mr. Fullmer is requesting RDAP placement, knowing that he will not be eligible for time off of her sentence due to the presence of a firearm. However, Mr. Fullmer recognizes the need for drug intervention and treatment.

This is Mr. Fullmer's second offense since December 2020 at age 58 with no other criminal history. Mr. Fullmer has been a drug user but the offense he has pleaded to, is out of character for him. For 58 years Mr. Fullmer has no criminal history and served his country in the military. Addressing out of character activity the Ninth Circuit in *United States v. Autery*, 555 F.3d 864 (9th Cir. 2009) affirmed a downward variance from a Guideline range of 41-51 months to five years' probation in possession of child pornography case based in part on finding that the defendant did not fit the profile of a pedophile, had no history of substance abuse, no interpersonal instability, was motivated and intelligent, and had the continuing support of his family.

Finally, a below guideline sentence would be a just sentence because it would still provide Mr. Fullmer with the time and resources needed to reform while at the same time not defeating his sense of hope and optimism for the future.

As Oscar Wilde so aptly stated, "bitter trials are often blessings in disguise."   And Mr. Fullmer has recognized this. instead of expressing anger

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 6

or desperation at his situation, he has come to understand that this is the time for him to make a change from criminal activities to fund self-medication.

2. **The need to protect the public.**

It is important to note that Mr. Fullmer has not been involved in prior criminal activity since December 2020. For 58 years Mr. Fullmer had no criminal activity or a prior association with firearms.

Mr. Fullmer's criminal activity appears to be associated with her personal drug use and self-medication.

Mr. Fullmer's need for drug counseling while being incarcerated and to receive adequate medical care for his ongoing medical issues are sufficient to protect the public taking into account Mr. Fullmer's age. In this vein the decision in *United States v. Grossman,* 513 F.3d 592, 597 (6th Cir. 2008) addressed a downward variance from 120 months in prison to 66 months with 10 years supervised release, and observing that the sentencing court "accounted for § 3553(a)'s concerns that the sentence protect society and deter future criminal conduct, but that :

> Accordingly, while the court accounted for § 3553(a)'s concerns that the sentence protect society and deter future criminal conduct, it opted to pursue those goals, not through a longer term of imprisonment, but through extensive counseling and treatment and an extensive period of

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 7

supervised release, which itself contains substantial limitations on an individual's freedom.

Mr. Fullmer feels that the public will be protected with successful counseling and adequate medical treatment.

3. **The need for deterrence**.

Mr. Fullmer has several factors which act as a deterrence. First is the sentence itself which will result in Mr. Fullmer being a senior citizen upon release from custody. His age will act as deterrence to further criminal behavior. This is particularly so when coupled with his ongoing head and neck pain as a result of his service related injuries.

And of no less significance is the loss of time with his two daughters. Mr. Fullmer has had a close relationship with his daughters, having raised them.

**4. Need to Provide Just Punishment for the Offense**

Mr. Fullmer feels that a downward variance will continue to provide just punishment.

An example of just punishment occurred in *United States v. Anderson*, 533 F.3d 623 (8th Cir. 2008) when the court affirmed a downward variance based on "other ways in which the defendant had suffered atypical punishment such as the loss of his reputation and his company, the ongoing case against him from the Securities and Exchange Commission and the harm visited upon him as

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 8

a result of the fact that his actions brought his wife and friend into the criminal justice system".

Here Mr. Fullmer is 61 years old and for 58 years has never been in the criminal system either state or federal. Except for this case the only other criminal charge for Mr. Fullmer was a State theft charge in December 2020. He now has a federal felony which will follow him as she moves forward with his life.

The court needs to consider deterrence in a two-fold approach. Deterrence is determined by assessing the impact of a sentence on Mr. Fullme and the impact on others in the community similarly situated.  Here, Mr. Fullmer being 61 years old will have a significant challenge following release from incarceration and he will continue to suffer the consequence of his acts. Mr. Fullmer recognizes that he has brought this situation upon herself due to poor judgment. But the punishment is no less real for being self-inflicted, and that is what matters in assessing the need for additional judicial punishment.

5. **The need for the sentence imposed to provide the defendant with training, care or treatment in the most effective manner.**

Mr. Fullmer  is  in need of both drug counseling  to address his drug use and medical treatment to address his underlaying medical issues related to

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 9

injries suffered in milatary service. Mr. Fullmer relizes that he may not be elegiable for time off for participating in the RDAP program due to the possession of a firearm, he requests a RDAP recommendation to aid in preventing any relapse of drug use.

IV. **The kinds of sentences available.**

Mr. Fullmer is requesting a sentence of 120 months or below as a variance to the guideline range of 135 to 168 months and the government r is requesting a sentence at the low end of the guideline range.

V. **Advisory sentencing guilelines.**

The maximum term of imprisonment is 20 years. 21 U.S.C. § 841(a)(1) and (b)(1)(C). However, based upon a total offense level of 33 and a Criminal History Category I, the guideline imprisonment range is 135 to 168 months.

It is also acknowledged that the Court must impose a term of supervised release of at least 3 years. 21 U.S.C. § 841(b)(1)(C).

VI. **VARIANCE**

Mr. Fullmer seeks a downward variance to his guideline sentencing range to 120 months or lower.

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 10

A "variance," occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. § 3553(a).  *United States v. Autery*, 555 F.3d 864, 872 n. 7 (9th Cir.2009). If a sentence is a "variance," the district court is not required by Rule 32(h) to give advance notice before imposing a sentence outside of the advisory Guidelines range.  United States v. Orlando, 553 F.3d 1235, 1238 (9th Cir.2009).

8 U.S.C. §3661 indicates that no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

Courts have held that variances are not subject to the guideline analysis for departures. *United States v. Fumo*, 655 F.3d 288, 317 (3d Cir. 2011), as amended (Sept. 15, 2011).  And in some situations, a prohibited ground for departure may be a valid basis for a variance.  As the court in *United States v. Chase, 560* F.3d 828 (8th Cir. 2009)  held, departure precedents do not bind district courts with respect to variance decisions, but may be considered "persuasive authority".

Supreme Court Justice Kennedy has indicated in *Koon v. U.S.* 518 U.S. 81,113 (1996) that it has been uniform and constant in the federal judicial

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 11

tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Thus, a district court should not hesitate to use its discretion in devising sentences that provide individualized justice.

In *Rita v. U.S.,* 127 S.Ct. 2456, 2473 (2007) the court found that the Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. In so doing the court held at page 2465:

> "[I]t is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." …
> The sentencing judge may take into consideration that the Guidelines sentence should not apply "because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations..."

Here Mr. Fullmer was a member of the United States Armey Engineers in which he was a specialist with demolition and explosives.

Mr. Fullmer was injured in 1986 while placing detonator cord around tree trunks to prepare a landing zone for helicopters. Mr. Fullmer after completing

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 12

setting the explosive charges began to run from the landing zone when the officer in charge prematurely setoff the charges causing one of the trees to fall on Mr. Fullmer, braking his neck and severely injuring his back.

As a result of his injuries Mr. Fullmer who had planned on a military career was medically discharged and he has been battling the continued pain from his injuries ever since. Although Mr. Fullmer has been treated for many years by the Veteran Administration his pain continued and in an effort to relieve the pain he began to self-medicate with fentanyl.

Prior to Mr. Fullmer's service related injuries he was not involved in any criminal behavior or involved in the uses of illegal drugs.

**1. Age**

As previously indicated Mr. Fullmer is 61 years old and for 58 years has never been in the criminal system either state or federal. It has only been recently when he was charge with a State theft charge in December 2020 and now the current charge.

Under the advisory guidelines, age is "ordinarily" not relevant pursuant to USSG §5H1.1, but may be so in unusual cases or in combination with other factors. Yet, the Commision has found "recidivism rates decline relatively consistently as age increases." See U.S. Sentencing Comm'n, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines. As such post- Booker and Rita, a sentencing court may consider defendants' age under § 3553(a).

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 13

**2.     Military Service.**

The Ninth Circuit has recognized military service as a basis for a sentencing variance.

The Ninth Circuit *United States v. Blinkinsop,* 606 F.3d 1110 (9th Cir. 2010) involved a bottom-of-range 97-month sentence was substantively reasonable in child pornography case where court considered seriousness of offense alongside defendant's personal record, military service, and lack of criminal history.

Also, in *United States v. Carper*, 659 F.3d 923 (9th Cir. 2011), a variance was affirmed by the court where the defendant, a Marine, violated the Arms Export Control Act. The sentencing court granted the variance based on Casper's military service and because there was little to no likelihood of recidivism.

Further, in *United States v. Stange,* 225 Fed. Appx. 618 (9th Cir. 2007) the court found a within-range sentence of 117- month sentence for armed bank robbery was not unreasonable where the district court considered defendant's post-service PTSD and a psychologist's report that he was prone to violence. The circuit court agreed that PTDS could support a shorter sentence but affirmed in deference to the lower court's discretion.

In an older case, *United States v. Cantu*, 12 F.3d 1506 (9th Cir. 1993) the court found that PTSD supported a downward departure under §5K2.13 in a felon in possession case. The defendant had served for two years in Viet Nam and suffered from a "grave affliction" including flashbacks and anxiety. The

Ninth Circuit further found that the district court erred in concluding it could not depart.

It is respectfully requested that the court grant a variance to 120 months or lower rather than the guideline range of 135-168

## CONCLUSION

This Court is required to impose a sentence in this matter that is sufficient but not greater than necessary to carry out the goals of sentencing. 18 U.S.C. § 3553. Based upon the factors enumerated in 18 U.S.C. § 3553(a) and the allowable downward variances, it is requested that a sentence of 120 months or lower and 5 years supervision will carry out the goals of sentencing.

Respectfully submitted this 15th day of February 2024.

>LAW OFFICE OF
>J. GREGORY LOCKWOOD, PLLC
>
>/s/ *J. Gregory Lockwood*_____
>J. GREGORY LOCKWOOD, WSBA 20629
>Attorney for Defendant Bonnie Jean Bonney

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 15

# CERTIFICATE OF SERVICE

I, J. Gregory Lockwood, hereby certify that on February 15th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Patrick J. Cashman Assistant United States Attorneys, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

/s/ *J. Gregory Lockwood*_____
J. GREGORY LOCKWOOD,
Law Office of J. Gregory Lockwood
421 West Riverside, Suite 960
Spokane, WA 99201
Phone: (509) 624-8200
Fax: (509) 623-1491
jgregorylockwood@hotmail.com

DEFENDANT FULLMER'S
SENTENCING MEMORANDUM - 16